H. ELY GOLDSMITH, on Behalf of Himself and All Other Persons Duly Authorized by the Provisions of Section 80 of the General Business Law of the State of New York to Assume Within the State of New York the Title " Certified Public Accountant " or Use the Abbreviation " C. P. A." Who Shall Desire to Become Parties to This Action, Plaintiff, *v.* JEWISH PRESS PUBLISHING COMPANY, Defendant.

Supreme Court, New York Special Term, June, 1922.

**Injunction — not granted to enjoin an act which is a misdemeanor — necessity of proof of injury to plaintiff's business — General Business Law, § 80.**

An injunction may not be granted against an act which is wrongful only because a statute makes it a misdemeanor.

A court of equity will not, at the instance of one authorized under section 80 of the General Business Law to be styled and known as a certified public accountant, enjoin the publisher of a newspaper from publishing any advertisements containing the words " certified public accountant " or the letters C. P. A. applied to any person not authorized to assume such title or use such letters as an abbreviation, even though the publication thereof be continued after notice of the falsity of the advertisement, in the absence of proof that it injured the plaintiff's business.

The plaintiff, however, is entitled to demand the enforcement of the law for a violation of said section 80 of the General Business Law and of section 421 of the Penal Law.

MOTION for a preliminary injunction.

*Woodward, Dennis & Buhler,* for plaintiff.

*Phineas Lewinson,* for defendant.

LEHMAN, J. The plaintiff is a public accountant and auditor authorized under section 80 of the General Business Law to be styled and known as a certified public accountant and he seeks to enjoin the defendant from publishing any advertisement containing the words certified public accountant or the letters C. P. A., applied to any person not authorized to assume such title or use the abbreviation C. P. A. The statute makes a violation of section 80 of the General Business Law a misdemeanor, and section 421 of the Penal Law relating to untrue and misleading advertisements

is undoubtedly sufficiently broad to cover the insertion in a newspaper of an advertisement by a person who has not received a certificate from the regents of the university in which such person assumes the title of certified public accountant. It is clear that the penal statute is directed against the advertiser and not the publisher of the newspaper, who ordinarily can have no personal knowledge of the truth of the advertisements he publishes in his newspaper, and unless he chooses to censor such advertisements himself, is not required to do so by law. It is urged, however, that when a newspaper publisher has notice of the falsity of an advertisement and still continues to publish it, he becomes an accessory to a misdemeanor, and in this case the plaintiff has given the defendant notice that it is publishing advertisements of five parties who use the title " Certified Public Accountant " or the abbreviation " C. P. A." in connection with their names though they have never received a certificate from the regents of the university, yet the defendant has continued to publish these advertisements. Some of these advertisements contain other letters in connection with the abbreviation C. P. A. which it is claimed show that the title of certified public accountant was granted not by the University of the State of New York but by some other body. Since the argument of the appeal the Court of Special Sessions has held that such use of this abbreviation is not a misdemeanor. It is not necessary for me to consider upon this motion the correctness of that decision for it was conceded upon the argument that at least one advertiser uses no such distinguishing letters, and the right of the plaintiff to an injunction may be determined upon the undisputed fact that the defendant is continuing after notice to publish this advertisement.

The continued publication, after notice, of an unlawful advertisement is undoubtedly an improper act, and for the purpose of this motion I shall assume, without, however, attempting to decide, that it makes the publisher an accessory to a misdemeanor. A court of equity has power in a proper case to enjoin an act in spite of the fact that a criminal proceeding against the act will also lie, but this is the first application which has come to my notice where a court of equity is asked to grant an injunction against an act which is wrongful only because a statute makes that act a misdemeanor. The plaintiff would be entitled to an injunction against any wrongful act for which the law gives no sufficient redress and which constitutes an injury to his business, but in the present case there is no evidence that the unlawful advertisement does injure the plaintiff's business. The legislature, not for the purpose of creating a monopoly or new property rights, but for the protection

of the public, has enacted a statute providing that only persons proving their qualifications may represent themselves as certified public accountants. It has by statute created a new offense and provided the remedy for such offense through the criminal courts, and it could by statute destroy the offense without touching any property right of the plaintiff. The plaintiff has received the certificate of the regents, and though the value to him of his title may be diminished if others continue to use it without right, yet it is not shown that through such continued user any business to which he personally is particularly entitled is wrongfully withdrawn, and even the value of the title itself to him is problematic and must to a great extent depend upon his own personal ability to obtain and retain clients. He is entitled to demand that the law be enforced in the manner directed by the legislature, but he shows no personal right and no personal injury which would permit a court of equity to grant an injunction.

Motion denied, with ten dollars costs.

Ordered accordingly.